# K&L GATES

December 10, 2019

Loly G. Tor
loly.tor@klgates.com

T +1 973 848 4026
F +1 973 848 4001

**VIA ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court
   for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** <u>**Cipla Ltd. v. Novartis AG, et al.**</u>
      **Case No. 2:19-cv-20810-SRC-LDW**

Dear Judge Wettre:

On behalf of Plaintiff Cipla Ltd. ("Plaintiff"), please accept this letter brief in lieu of a more formal submission in support of Plaintiff's Motion to Seal Plaintiff's Complaint in part and Exhibits 2, 15, and 18 to Plaintiff's Complaint (collectively, the "Exhibits") in their entirety.

The Complaint and Exhibits contain proprietary and confidential information related to the product that is the subject of Plaintiff's Abbreviated New Drug Application ("ANDA") as well as portions of the ANDA itself.

## ARGUMENT

The "common law public right of access to judicial proceedings and records" is well settled but not absolute, and "must be balanced against the factors militating against access." *In re Cendant Corp.*, 260 F.3d 183, 192-94 (3d Cir. 2001) (quoting *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). For example, "access has been denied where the court files might have become a vehicle for improper purposes." *In re Cendant Corp.*, 260 F.3d at 194 (quoting *Nixon*, 435 U.S. at 598). Additionally, courts are willing to protect the proprietary rights of a litigant and allow records to be filed under seal "'where they are sources of business information that might harm a litigant's competitive standing.'" *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673 (3d Cir. 1988)).

The presumption of public access can be rebutted by a showing of "good cause." *In re Cendant*, 260 F.3d at 194. "Good cause exists when a party makes a particularized showing

that disclosure will cause a clearly defined and serious injury to the party seeking closure." *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (internal quotations omitted).  To determine whether good cause exists, courts examine the following factors:

> (1) the nature of the materials or proceedings at issue;
>
> (2) the legitimate private or public interests which warrant the relief sought;
>
> (3) the clearly defined and serious injury that would result if the relief sought is not granted; and
>
> (4) why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(2); *Securimetrics*, 2006 WL 827889, at *2; *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. 03-6025, 2007 WL 2085350, at *7 (D.N.J. July 18, 2007).

"Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are legitimate private interests and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace." *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012).  Injury to a party's competitive standing is a serious harm that warrants sealing judicial records.  *Id*; *see also Overton v. Sanofi-Aventis U.S., LLC*, No. CIV. A. 13-05535-DEA, 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents.").

A review of these factors listed above demonstrates that the limited request for sealing should be granted.  This matter is a complex pharmaceutical declaratory judgment action for patent noninfringement requiring the disclosure of highly sensitive competitive materials, including business, trade secret or proprietary information.  The Complaint and Exhibits contain confidential and proprietary information regarding Plaintiff's ANDA and disclose Plaintiff's commercial and business information, including information relevant to its research, development, and technical information concerning the formulation of the ANDA product, which information is presently confidential and unavailable to the public.  Moreover, Plaintiff marked the Complaint and the Exhibits as "outside counsel's Attorney's Eyes Only" pursuant to L. Pat. R. 2.2, pending the entry of a confidentiality order.  Disclosure of this information to the public could be used by Plaintiff's competitors to harm Plaintiff's competitive standing in the marketplace.

      Accordingly, Plaintiff respectfully requests that the Court grant the motion to seal and seal the Complaint in part and seal the Exhibits in their entirety.

Respectfully submitted,

s/ Loly G. Tor

Loly G. Tor

Cc:    John E. Flaherty, Esq. [via email & FedEx]
          Cynthia Betz, Esq. [via email & FedEx]
          Kevin Prussia, Esq. [via email & FedEx]
          Lisa Pirozzolo, Esq. [via email & FedEx]
          Timothy Cook, Esq. [via email & FedEx]